ERIE RAILROAD COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS AND BOROUGH OF EAST PATERSON, DEFENDANTS.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *George S. Hobart.*

For the board, *John W. Queen.*

The opinion of the court was delivered by

PARKER, J.  The writ brings up an order of the board of pubic utility commissioners requiring the prosecutor to alter a bridge over Van Riper avenue in East Paterson so that it shall have a minimum (horizontal) clearance between abutments of thirty feet, and a traveled roadway at least twenty feet wide, the vertical clearance remaining as at present, viz., fourteen feet.  This order is challenged as beyond the statutory jurisdiction of the board; as depriving the company of property without due process of law; and as unreasonable and not warranted by the facts as disclosed by the evidence.

The case is submitted on briefs, and the first point argued is that assuming the jurisdiction of the board, its order is

not warranted by the evidence. Our view is to the contrary. It is true that Van Riper avenue is not a highway of the first class, that it comes to an end in Midland avenue, just east of the crossing in question, and that the traffic over it is far from being congested. On the other hand, it is situated in a growing suburb of Paterson, it connects directly with Market street, the main street running through that city, at a sharp angle or fork pointing toward Paterson; it is laid out fifty feet wide, with fifteen feet width of improved roadway having an asphalt bound macadam wearing surface. Prosecutor's railroad is carried above this road on an embankment substantially at right angles, leaving an opening for the roadway below of fourteen feet six inches between stone abutments carrying steel girders to support the track. A traffic count showed an average of one automobile every five minutes during ordinary hours in the daytime, many of these cars being trucks. Two trucks of maximum legal width (eight feet) cannot pass in the opening. Two ordinary cars of say six feet in width can do so, but the total horizontal clearance is only about three feet, or one foot between cars and one foot between each car and stone wall adjoining it. Common knowledge indicates that this is not enough. In planning for two cars to pass there must be a reasonable factor of safety to allow for slips and inaccuracy of steering. It is safe to say that a cautious driver would not attempt to pass another car in such an opening, and that an incautious one would take many chances of a collision. Given these facts, the question is whether in the language of section 26 of the railroad law (*Comp. Stat., p.* 4231), public travel on the road is "impeded thereby," or as the board in its finding herein expressed it, "unduly impeded." The board held that it is so impeded, and our examination of the evidence leads us to the same conclusion.

Prosecutor argues, however, that the statutory authority of the board does not extend to the regulation of an existing underpass such as this. It is clear that there is statutory authority to regulate a grade crossing and even to abolish it. In *Atlantic City Railroad Co.* v. *Pleasantville,* 99 *N. J. L.*

328, affirmed on opinion below in 100 *Id.* 394, this court said, on page 330: "By a course of legislation beginning in 1911 and continued to the present time, the supervision and regulation of railroad crossings throughout the state have been substantially turned over to the public utility commission." In this case the board relied on the provisions of the Railroad act, *supra,* and on the general power in section 17-a of the Utility act (*Pamph. L.* 1911, *p.* 378; 1921, *p.* 165), which gives said board the "power * * * to require every public utility * * * to comply with the laws of this state * * * and to conform to the duties imposed upon it thereby * * *." Prosecutor concedes that in four cases similar to that at bar, and reported in the Public Utility Reports, viz., South Amboy, volume 1, page 94; Metuchen, volume 3, page 196, and volume 5, page 781, and Camden County, volume 11, page 244, the board expressly asserted and exercised jurisdiction to regulate an underpass. It is said, however, that as the board decided in favor of the utility on the merits in each case, it became unnecessary to challenge its jurisdiction. To which we may rejoin that if the able counsel representing the utilities had entertained any serious doubt of jurisdiction, they might well have challenged it *in limine* and not awaited an adverse decision on the merits. *Mowery* v. *Camden,* 49 *N. J. L.* 106; *Palese* v. *Lane,* 95 *Atl. Rep.* 126; *Croasdale* v. *Quarter Sessions,* 88 *N. J. L.* 506; *affirmed,* 89 *Id.* 711; *Public Service Railway Co.* v. *Camden,* 95 *Id.* 190; *Katz* v. *Eldredge,* 97 *Id.* 123, 141; *Brown* v. *Board of Public Utilities,* 1 *N. J. Mis. R.* 591. Apart from this, it would be strange indeed if the board be without authority to order the enlargement of an underpass, although it has authority to regulate a grade crossing and even to order it converted into an overhead crossing, as was done, for example, in *Erie Railroad Co.* v. *Board,* 89 *N. J. L.* 57; *affirmed,* 90 *Id.* 672, 673; 254 *U. S.* 394.

Further it is argued that if the statute does apply, it is unconstitutional as impairing the jurisdiction of the Court of Chancery and of this court; of the Court of Chancery, because of its general power to regulate conflicting easements.

In view of the well settled and conceded powers, just alluded to, this proposition appears frivolous—of this court, because of the right to prosecute by indictment for a nuisance. An indictment by a grand jury impanelled in the Supreme Court is something of a rarity; but in any event the remedy by indictment and that by resort to the board are concurrent and in nowise mutually exclusive.

Finally, it is urged that "the prosecutor is entitled to the judgment of an independent judicial tribunal on the issue of confiscation of its property." This may well be conceded; and the answer is that prosecutor has come to this court as such tribunal, and on that issue among others. As such independent tribunal we have considered the matter and conclude that the order in question is a proper exercise of the police power and not confiscatory.

In view of these results, the order of the board will be affirmed.